# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **CRIMINAL NO. 1:18CR16-LG-RHW**

**PEDRO BARRIOS, JR.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO SUPPRESS

BEFORE THE COURT is the [20] First Motion to Suppress filed by the defendant, Pedro Barrios, Jr. Barrios objects to the search of his tractor-trailer by Mississippi Department of Transportation Officers and seeks to suppress their discovery of thirty kilograms of cocaine found with the cargo. The Court conducted a hearing on May 17, 2018 and the parties were granted additional time to submit legal authority supporting their positions. After due consideration of the submissions, the evidence at hearing and the relevant law, it is the Court's opinion that there was no Fourth Amendment violation in this case. Accordingly, the Motion to Suppress will be denied.

### BACKGROUND

The significant facts of this case begin when MDOT Officer Dubuisson pulled Barrios, who was driving a tractor-trailer registered to Lioness, Inc., over to the side of eastbound I-10, just past the weigh station at the Mississippi-Louisiana border. Dubuisson testified that he intended to conduct a "level two" safety inspection of the truck, which is a description of a portion of a thirty-seven step inspection procedure set out in the Federal Motor Carrier Safety Regulations. Dubuisson asked for

Barrios' driver's license, log book, truck registration and other documents, which Barrios produced. In order to ensure that he could safely conduct the rest of the inspection, Dubuisson requested assistance from another MDOT officer. When the second officer arrived, the officers broke the seal to the trailer so that they could compare the cargo to the bill of lading. They observed three bundles, each approximately one square foot in size, placed among the cargo pallets. Suspecting contraband, the officers contacted Homeland Security. Homeland Security and the Hancock County Sheriff's Office Canine Division arrived at the scene, and the canine alerted to the bundles. The bundles were found to contain bricks of cocaine weighing thirty kilograms in total. Barrios was arrested and charged with conspiracy to possess and possession with intent to distribute a controlled substance.

Barrios contends that Officer Dubuisson had neither probable cause nor consent to break the seals of the trailer and conduct a search of the area within, and therefore the search violated the Fourth Amendment. The government argued first that Dubuisson was a "special agent" of the Federal Motor Carrier Safety Administration authorized to conduct inspections of tractor-trailers. *See* 49 C.F.R. § 396.9(a). But because the term "special agent" is defined and it does not include MDOT officers, *see* 49 C.F.R. ch. III, subch. B, app. B, the government abandoned that argument and now contends that Dubuisson properly inspected the tractor-trailer for safety under the authority of Miss. Code § 63-5-49.

DISCUSSION

A temporary stop is a "seizure" for purposes of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809 (1996). Therefore, the stop must be "reasonable" under the circumstances. However, the commercial trucking industry is a pervasively regulated industry; law enforcement may conduct stops and searches of commercial trucking vehicles in order to enforce a regulatory scheme without believing a crime has occurred under the regulatory exception to the warrant requirement. *United States v. Fort*, 248 F.3d 457, 478, 480 (5th Cir. 2001). Such a stop is reasonable and therefore valid if "1) there is a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made; 2) the inspection is necessary to further the regulatory scheme; and 3) the statutory or regulatory scheme provides a constitutionally adequate substitute for a warrant." *Fort*, 248 F.3d at 480 (citing *New York v. Burger*, 482 U.S. 691, 702-03 (1987)).

Mississippi statutes allow MDOT officers and certain other law enforcement officials to require a tractor-trailer driver to "stop and submit to a weighing of the vehicle." Miss. Code § 63-5-49(1). The stopped vehicle may be inspected "to determine whether or not such vehicle is engaged in the illegal transportation of any contraband." Miss. Code § 63-5-49(3). MDOT officers also have authority to inspect tractor-trailers "for safe operation and safe use of equipment." Miss. Code § 77-7-16(2). Additionally, Mississippi has adopted and enforces the rules, regulations, requirements, and classifications of the U.S. Department of

Transportation. Miss. Code § 77-7-16(1); *see also* Miss. Admin. Code 37-1-8:04001 (defining authority for MDOT to enforce State and Federal Motor Carrier Safety Regulations).

The Fifth Circuit has examined Mississippi's statutory and regulatory scheme and concluded that it satisfies the first and third *Burger* prongs for the regulatory exception to apply. The court held that "it is clear that commercial trucking is a pervasively regulated industry;" "Mississippi has a substantial interest that informs the regulatory scheme;" and "the provisions of the Mississippi Code regulating commercial trucking place adequate limits on the discretion of inspecting officers, and thus, provide a constitutionally adequate substitute for a warrant." *United States v. Castelo*, 415 F.3d 407, 410-11 (5th Cir. 2005).

The only remaining question concerns the second *Burger* prong – whether Officer Dubuisson's stop of Barrios' tractor-trailer was necessary to further the regulatory scheme. Officer Dubuisson testified that the purpose of the stop was to inspect the vehicle for safety and to insure that the trailer cargo was consistent with the bill of lading. Random stops of commercial vehicles are necessary to ensure commercial drivers comply with Mississippi law because "drivers can avoid both fixed and temporary checkpoints" simply by refusing to stop at those checkpoints. *Fort*, 248 F.3d at 481 (citing *United States v. V-1 Oil Co.*, 94 F.3d 1420, 1426 (10th Cir. 1996)). Therefore, this stop and search was permissible under the regulatory exception, and no constitutional violation occurred because of the officers' inspection of the tractor-trailer. Suppression of the evidence found during the inspection is not

warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [20] First Motion to Suppress filed by the defendant, Pedro Barrios, Jr., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of May, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE